IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01702-MSK-BNB

WELLS FARGO BANK, N.A.,

       Plaintiff,

v.

CONNIE RICOTTA,

       Defendant.

_____

**OPINION AND ORDER REMANDING ACTION**
_____

       **THIS MATTER** comes before the Court *sua sponte*.

       On or about August 21, 2006, the Plaintiff commenced this action in the Colorado District Court for Summit County by filing a Notice of Hearing apparently pursuant to C.R.C.P. 120, seeking to foreclose on the Defendant's property. On August 28, 2006, the Defendant filed a Notice of Removal **(# 1)**, asserting that this Court has subject-matter jurisdiction over the dispute. Specifically, the Defendant contends that: (i) federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because "a Foreclosure of Mortgage is an 'attempt to collect' pursuant to the Fair Debt Collections Practices Act[, 15 U.S.C. § 1692 *et seq.*]; for other FDCPA violations; and for other reasons"; and (ii) diversity jurisdiction under 28 U.S.C § 1332 exists because "Evidently the movant is a citizen of Florida," while the Defendant is a citizen of Colorado and the amount in controversy exceeds $ 75,000.

The party invoking federal jurisdiction, here, the Defendant, bears the burden of proving such jurisdiction exists. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289-90 (10th Cir. 2001). There is a presumption against removal, and thus, the Court will presume that no jurisdiction exists absent an adequate showing by the Defendant. *Id; Karnes v. Boeing Co.*, 335 F.3d 1189, 1193, 1194 (10th Cir.2003). The Court may examine the existence of its purported subject-matter jurisdiction *sua sponte* at any time, and remand the action if a basis for jurisdiction does not appear in the record. *See e.g. Salman v. Arthur Andersen, LLP,* 375 F.Supp.2d 1233, 1237 (D.N.M. 2005), *citing Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); 28 U.S.C. § 1447(c).

Turning first to the Plaintiff's assertion that federal question jurisdiction exists, removal is permitted only where the existence of a federal claim appears on the face of the "well-pleaded complaint." *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 & n. 2 (2002). This inquiry focuses on "what necessarily appears in the plaintiff's statement of his own claim," *id.*, and does not involve consideration of defenses or counterclaims that the defendant intends to assert. *Franchise Tax Board v. Construction Laborers Vacation Trust For Southern California*, 463 U.S. 1, 9-11 (1983), *citing Taylor v. Anderson,* 234 U.S. 74, 75-76 (1914). Thus, the Defendant here bears the burden of showing that the Plaintiff's Notice of Hearing turns on a right or immunity created by the Constitution or laws of the United States. *Id.*

Nothing in the Notice of Hearing suggests that the Plaintiff's purported right to foreclose turns on rights created by federal law. The foreclosure procedure invoked by the Notice is purely a creation of Colorado state law. The Defendant's conclusory and uncited assertion that an attempt to foreclose somehow implicates the Fair Debt Collection Practices Act is, at best, an

indication that the Defendant intends to assert a federal-law defense or counterclaim to the state-law foreclosure proceeding.  However, such a defense or counterclaim is not sufficient to create federal question jurisdiction in a proceeding where the Plaintiff's claims arise purely under state law.  Accordingly, the Defendant's Notice of Removal does not establish the existence of federal question jurisdiction under 28 U.S.C. § 1331.

To establish diversity jurisdiction under 28 U.S.C. § 1332, the Defendant must establish that the parties are citizens of different states and that the amount in controversy exceeds $75,000.  The existence of all of the requisite facts supporting diversity jurisdiction must appear from the face of the complaint and/or the Notice of Removal.  *Laughlin,* 50 F.3d at 873.  For diversity purposes, a corporate entity is a citizen of both its state of incorporation and the state of its principal place of business.  28 U.S.C. § 1332(c)(1).  Allegations concerning the location of a corporation's headquarters are not sufficient to establish that corporation's principal place of business.  *Guarantee Acceptance Corp. v. Fidelity Mortgage Investors, Inc.*, 544 F.2d 449, 452 (10th Cir. 1976).

At the outset, it appears that the Defendant cannot remove this case under  28 U.S.C. § 1441(b).  That statute states that actions in which the parties are diverse "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action was brought."  The Notice of Removal admits that the Defendant is a citizen of Colorado, and thus, the Defendant cannot remove a case commenced in Colorado on the strength of diversity jurisdiction alone.  Moreover, the Notice of Removal does not adequately allege the citizenship of the Plaintiff.  It notes only that "The Notice of Hearing [ ] shows the movant's address as . . . West Palm Beach, FL [ ].  Evidently the movant is a citizen of Florida."  This

3

allegation is not only conclusory, but is insufficient to establish the Plaintiff's citizenship pursuant to 28 U.S.C. § 1332(c)(1).

Accordingly, the Defendant has failed to establish subject-matter jurisdiction sufficient to remove the case to this Court. The Court *sua sponte* **REMANDS** this case to the Colorado District Court for Summit County for all further proceedings. The Clerk of the Court shall immediately transmit the entire case file to the Clerk of the Court for the Colorado District Court for Summit County and shall close this case.

Dated this 31st day of August, 2006

                                          **BY THE COURT:**

                                          *[signature: Marcia S. Krieger]*
                                          _____

                                          Marcia S. Krieger
                                          United States District Judge